I agree with the majority's decision to reverse the trial court's judgment and remand for further proceedings but on a somewhat different basis. In my opinion, the plain terms of the release letter do not release Dr. Weeks' claim to the merger proceeds.
The letter only releases any and all claims * * * [Weeks] may have in [his] capacities as an employee or shareholder of EPS. Weeks' claim for merger proceeds does not arise from his status as a shareholder or employee but from his status as a former shareholder who redeemed his stock within the preceding year. Furthermore, at the time he signed the letter, Weeks did not have a claim for merger proceeds; the merger papers had not even been executed, so he had no existing claim to release.
The conclusion that Weeks' claim was not released does not, of course, address the question whether Weeks is entitled to judgment as a matter of law on his claim for proceeds of the merger under section 7 of the stock redemption agreement. The trial court never reached the merits of Weeks' motion for partial summary judgment on this issue because it found Weeks' claim was released. I would remand for a determination of this legal issue by the trial court in the first instance.